02-11-171-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00171-CR


 
 
 Billy Ray Burdick
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 415th
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
Billy Ray Burdick appeals his conviction for possession of methamphetamine,
contending in a single point that his lawyer was ineffective because she did
not object to evidence offered during trial that sheriff’s deputies also found a
quantity of marihuana when they came upon Appellant in a pickup truck holding a
syringe of methamphetamine in his hand.  We affirm.

Background
Facts and Procedural History

A
pickup truck followed Cynthia Jenkins into her trailer park late one night, coming
to rest between a tree and the trailer across the street from Cynthia’s
driveway.  Cynthia knew everyone’s vehicle in the neighborhood but did not
recognize this one.  She had come home alone and sat in her car in her
driveway, worried that it might be unsafe to venture out.  She watched the
pickup through her rearview mirror for about fifteen minutes.

The
driver of the pickup was “just acting strange.”  His engine was off but the parking
lights were on, and Cynthia saw him “coming from the front of the vehicle to
the back of the vehicle, going back to the front of the vehicle, getting in,
getting out of the vehicle, coming to the back of the vehicle, going back to
the front of the vehicle” and at one point when he came out, he appeared to be
ill, almost falling before going to the back, leaning on the tailgate, and hanging
his head.  Feeling she had seen enough, Cynthia called 911.

When
Sheriff’s deputies arrived, Corporal Gary Medlin went to talk to Cynthia while
Deputy Dallas Cochran approached the pickup and shined his flashlight into it. 
Appellant, the sole occupant, was “seated in the driver’s seat in a reclined
position with his head back.  He was wearing nothing but black shorts, and he
was holding a syringe between his right finger and right thumb.”  Cochran also
observed that on the center console beside Appellant “was a bent spoon with a
little piece of cotton on it,” which he knew from his previous fourteen years’ law
enforcement experience were “used to filter drugs before they go into a
needle.”  Cochran called Medlin over.  The deputies opened the pickup truck
door and ordered Appellant to drop the syringe.  He tossed it gently to the
side, and the deputies removed Appellant and arrested him for possession of a
controlled substance.

As
they removed Appellant from the truck, the deputies discovered and seized a
baggie containing a green leafy substance they believed to be marihuana.  They
also seized the syringe, which contained a clear liquid substance that later
chemical analysis showed was methamphetamine.  Nearby where Appellant had
tossed the syringe, the deputies retrieved the syringe’s safety cap, a bent
spoon, and a red baggie, which contained a powdery substance that later
analysis also showed to be methamphetamine.

Appellant
went to trial for possession of less than one gram of methamphetamine.  There, Appellant’s
lawyer (Counsel) did not object when Cochran testified about having found
marihuana in the pickup truck. But when the State offered the actual marihuana
as an exhibit in evidence, Counsel did object, the objection was sustained, and
the exhibit did not come in.

After
the close of evidence at the guilt-innocence phase, the jury found Appellant
guilty of possession of less than a gram of methamphetamine.  Appellant then pled
true to enhancement allegations in the indictment, the jury assessed thirteen
years’ confinement, and the trial court sentenced Appellant accordingly.  Appellant
filed a notice of appeal and a motion for new trial but there is nothing in the
record to indicate that he presented the motion for new trial to the trial
court or that it was heard.

In
his sole point on appeal, Appellant complains that Counsel provided
constitutionally ineffective assistance of counsel because she did not object
to testimony that the deputies also found marihuana when they arrested Appellant
with a methamphetamine-loaded syringe in his hand.  We disagree.

Standard
of Review

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the standard
of prevailing professional norms and that there is a reasonable probability
that, but for counsel’s deficiency, the result of the trial would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex. Crim. App.
2009).

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether
counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is
highly deferential, and the reviewing court indulges a strong presumption that
counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 813–14.  “In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d
at 63).  To overcome the presumption of reasonable professional assistance,
“any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim.
App. 2007).

The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.  In other words, appellant must show there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id. at 694, 104 S. Ct. at 2068.  The ultimate focus of our
inquiry must be on the fundamental fairness of the proceeding in which the
result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

After
an appellant claiming ineffective assistance of counsel at trial has identified
what he alleges are erroneous acts and omissions of counsel, the appellate
court must determine whether, in light of all the circumstances, these
identified acts or omissions were outside the wide range of competent
assistance.  Strickland, 466 U.S. at 690, 104 S. Ct. at 2066; Cooper
v. State, 333 S.W.3d 859, 867 (Tex. App.—Fort Worth 2010, pet. ref’d).  Although
a single egregious error of omission or commission by counsel may constitute
ineffective assistance, Thompson, 9 S.W.3d at 813; see Andrews v.
State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (holding that record was
sufficient to allow decision on merits and that counsel rendered ineffective
assistance by failing to object to prosecutor’s misstatement of law), an
isolated failure to object to certain procedural mistakes or improper evidence generally
does not constitute ineffective assistance of counsel.  See Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984); see also Scheanette v.
State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an
ineffective assistance claim must “be firmly founded in the record”), cert.
denied, 543 U.S. 1059 (2005).  Trial counsel should ordinarily be afforded
an opportunity to explain his actions before being denounced as ineffective.  Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); see also Goodspeed
v. State, 187 S.W.3d 390, 391 (Tex. Crim. App. 2005) (holding that inquiry
into counsel’s conduct—failure to ask any questions during voir dire and
exercise of peremptory challenges on jurors who had already been excused—was
needed to determine whether performance was deficient); Edwards v. State,
280 S.W.3d 441, 444 (Tex. App.—Fort Worth 2009, pet. ref’d).  When the record
is silent as to counsel’s reason for failing to object, the appellant fails to
rebut the presumption that counsel acted reasonably.  Thompson, 9 S.W.3d
at 814.

Discussion

Appellant
faults Counsel for not objecting to testimony that some marihuana was found in
the pickup truck Appellant was sitting in when he was arrested for possessing methamphetamine. 
He claims that he “was denied the Sixth Amendment right to effective assistance
of counsel because although the trial court sustained an extraneous offense
evidence objection to other drugs[,] trial counsel forfeited that claim by
allowing the evidence to be admitted elsewhere.”

We
do not take Appellant’s claim literally as he has framed it because when a trial
court sustains a party’s objection to evidence, there is no appellate
claim relating to that evidence for the party to forfeit; we will not declare
Counsel ineffective for failing to preserve an appellate claim that never was. 
But Appellant also criticizes Counsel for having “exposed” the jury to “other
extrinsic conduct evidence that was unfairly prejudicial.”  This is a claim we
can understand: that Counsel was ineffective for not objecting to evidence that
any reasonably competent attorney would have objected to and that the admission
of that evidence accrued to Appellant’s detriment.

Appellant
argues that the State “did not legitimately need” the evidence, and in support
he quotes Hankton v. State, in which our sister court observed that
“admission of an extraneous offense oftentimes is cumulative of the proof
established and serves only to demonstrate the accused’s bad character.”  23
S.W.3d 540, 546 (Tex. App.––Houston [1st Dist.] 2000, pet. ref’d).  That is
certainly true as far as it goes:  few would dispute that evidence that serves
only to demonstrate an accused person’s bad character is inadmissible.  See
Tex. R. Evid. 404.

But our
rules of evidence make clear that evidence that would not be allowed if offered
to prove only character may come in for other purposes.  See Tex. R.
Evid. 404(b).  The State, for its part, ably argues that the testimony was
admissible for at least two other purposes.  One, as context to give the jury a
full picture of the circumstances of the offense, and, two, to “affirmatively
link” Appellant to the drugs for which he was on trial.

Although
the admissibility of the testimony that Appellant now faults Counsel for not
objecting to is not inconsequential, the real issue in this case is whether
Counsel’s representation was constitutionally deficient because she did not
object.

Appellant
offers Hall v. State, 161 S.W.3d 142 (Tex. App.––Texarkana 2005, pet.
ref’d), as an example of a case in which our sister court held that a lawyer
was ineffective for failing to object to extraneous offenses.  But Hall
is distinguishable in both quantity and quality of error claimed on appeal.  In
that case, the court of appeals “identified three discernible deficiencies on
the part of trial counsel” that combined for a hefty dose of ineffective
assistance.  See id. at 155–56.  Hall’s trial attorney failed to request
a jury instruction on the requirement that accomplice-witness testimony be corroborated,
failed to object to the prosecutor’s commenting on Hall’s post-arrest silence, and
failed to object to numerous unadjudicated offenses, including credit-card
fraud, aggravated assault, unlawfully discharging a firearm, and engaging in
violent criminal activity, all of which the State referred to several times,
while cross-examining Hall, as “gang-banging.”  Id. at 151–53. 
Appellant’s complaint in this case––that Counsel failed to object to a single
line of testimony––suffers by comparison.

Appellant
also cites Walker v. State, 195 S.W.3d 250 (Tex. App.––San Antonio 2006,
no pet.).  But Walker offers no more support for his position than Hall. 
Whereas here, Appellant complains of Counsel’s failure to object to a single
line of testimony, in Walker, the court of appeals held that the trial
attorney performed deficiently in no less than eight separate areas:  (1)
failing to ask any questions in voir dire about potential bias; (2) failing to
investigate or interview Walker in detail about his criminal history or prior
contacts with the complainant; (3) failing to seek discovery from the State;
(4) failing to file and obtain rulings on a motion in limine to require the
State to raise extraneous matters outside the presence of the jury; (5) failing
to prepare Walker to testify; (6) failing to object to inadmissible extraneous
offenses during guilt innocence; (7) inviting evidence of unadjudicated arrests
during the punishment phase; and (8) failing to object to the punishment
charge’s omission of a reasonable-doubt instruction.  Id. at 262–63.

Here,
Appellant asks us to hold Counsel ineffective for failing to object to a single
line of testimony that Appellant speculates the trial court would have excluded
if an objection had been raised.  But even if we agreed with Appellant that the
trial court might have sustained the objection he faults Counsel for not
making, it does not necessarily follow that Counsel was ineffective for not
making it.  As stated above, isolated failures to object to improper evidence
generally do not amount to ineffective assistance of counsel.  See Ingham,
679 S.W.2d at 509.  And even if we were to hold that Counsel’s failure to
object was a mistake, we would not hold that it was so egregious as to
constitute ineffective assistance.  See Andrews, 159 S.W.3d at
103; Thompson, 9 S.W.3d at 813.

Further,
as the State correctly points out, there is no evidence in the record showing
Counsel’s reasons for not objecting as Appellant concludes she should have.  Although
Appellant filed a motion for new trial, it did not allege that Counsel was
ineffective––only that the verdict was contrary to the law and the evidence. 
And there is nothing in the record to indicate that the motion was presented to
the trial court or heard.  As previously indicated, we are reluctant to
denounce a lawyer as ineffective before he or she is afforded an opportunity to
explain his or her actions.  See Rylander, 101 S.W.3d at 111; Edwards,
280 S.W.3d at 444.  Because the record here is silent as to Counsel’s reason
for failing to object, we are constrained to hold that Appellant has failed to
rebut the presumption that Counsel acted reasonably.[2] 
See Thompson, 9 S.W.3d at 814.

Finally,
even if Appellant had managed to surmount Strickland’s first prong, he
has made no attempt to scale the second.  As the State puts it, Appellant “does
not discuss, analyze, attempt to illustrate, or otherwise demonstrate how the
alleged deficiencies of his trial counsel prejudiced his defense.”  That pretty
much sums it up.  Accordingly, we hold that Appellant has failed to meet his
burden showing that Counsel was ineffective, and we overrule his sole point on
appeal.

Conclusion

Having
overruled Appellant’s sole point on appeal, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 13,
2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00171-CR

 

 









 
 
 Billy
 Ray Burdick
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 415th District
 Court
  
 of
 Parker County (CR10-0955)
  
 September
 13, 2012
  
 Opinion
 by Justice Gabriel
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

By_________________________________

   
JUSTICE LEE GABRIEL

 

 









[1]See Tex. R. App. P. 47.4.





[2]Generally, in a case such
as this in which there is no record relative to Counsel’s decisions and
actions, an appellant has a more appropriate remedy in seeking a writ of habeas
corpus to allow him the opportunity to develop evidence to support his
complaint.  See Robinson v. State, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)
(noting that a postconviction writ proceeding is the preferred method for
gathering the facts necessary to substantiate an ineffective assistance of
counsel claim).